**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tim BAILEY, Defendant–Appellant.**

**No. 08–2321.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 30, 2008.*

Decided Nov. 4, 2008.

Thomas A. Keith, Attorney, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Tim Bailey, United States Penitentiary, Leavenworth, KS, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, JOHN L. COFFEY, Circuit Judge and MICHAEL S. KANNE, Circuit Judge.

**ORDER**

Tim Bailey is serving concurrent 240–month prison terms for dealing crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Bailey moved under 18 U.S.C. § 3582(c)(2) to reduce those terms on the ground that the United States Sentencing Commission has issued a retroactive amendment lowering the base offense level for some crack offenses. The district court denied his motion and Bailey appeals.

The pertinent amendment, *see* U.S.S.G.App. C, Supp.2007, amend. 706, pp. 227–31, does not help Bailey. Bailey's drug crimes involved at least 50 grams of crack, and he already had a felony drug conviction, so the mandatory-minimum penalty for his crimes was 240 months. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. Since Bailey received the statutory minimum, the district court lacked the authority to reduce his sentence further. *See Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007) ("[A]s to crack cocaine sentences in particular, we note [that] . . . district courts are

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2).

constrained by the mandatory minimums Congress prescribed in the 1986 Act."); *United States v. Black*, 523 F.3d 892, 892–93 (8th Cir.2008); *United States v. Green*, 532 F.3d 538, 546 n. 8 (6th Cir.2008); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir.2008) ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."); *United States v. Neal*, 46 F.3d 1405, 1411 (7th Cir.1995).

AFFIRMED.